# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

MIKE REDFORD,
     Plaintiff,

     vs

UNIRUSH FINANCIAL
SERVICES, LLC, *et al.*,
     Defendants.

Case No. 1:20-cv-632

Dlott, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff, an inmate at the Calhoun State Prison, in Morgan, Georgia, has filed a pro se action against Unirush Financial Services, LLC, and various employees of Unirush. Plaintiff brings constitutional and state-law claims against defendants, alleging they improperly blocked plaintiff from accessing funds on prepaid debit cards sold by defendants. Plaintiff's amended complaint (Doc. 3) is the operative complaint in this action.[1] Also before the Court is plaintiff's motion for a default judgment against defendants. (Doc. 12). Plaintiff has paid the filing fee.

This matter is before the Court for a *sua sponte* review of the complaint, as amended, to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 805, 28 U.S.C. § 1915A(b).

Although plaintiff has paid the filing fee, the Court is required by statute to screen the complaint to determine if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or states a claim against a person who is immune from suit. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) ("A district court is required to screen all civil

---

[1] Plaintiff's amended complaint supersedes the original complaint and is the operative complaint. *See Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014) ("An amended complaint supersedes an earlier complaint for all purposes.") (quotation and citation omitted).

cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners"), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 206 (2007); *see also LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

## Screening of Amended Complaint

### A.      Legal Standard

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of prisoner complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).   The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).   Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).   A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.   The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## B.  Allegations

Plaintiff alleges that defendants sell Rush Card prepaid debits cards.   Plaintiff further alleges that he received Rush Card prepaid debit cards with a collective value of $450.00 as gifts.[2]   However, plaintiff claims that when he tried to use the cards to pay for legal fees the

---

[2]Plaintiff later alleges that the amount on the cards totaled $1,020.00.   (*See* Doc. 3 at PageID 57).   However, this allegation appears to have been taken from a largely identical suit against different corporate defendants that plaintiff filed in the Central District of California.  *See Redford v. Greendot Corp.*, 2:20-cv-3260-JGB-PVC (C.D. Cal. Jan. 14, 2021) (Doc. 11) (Report and Recommendation to dismiss plaintiff's action).

defendants denied him access to the money.   (Doc. 3 at PageID 53, 57).   Plaintiff also

suggests that he attempted to pay for medical expenses with the cards.   (*See* Doc. 3 at PageID

54).   Plaintiff alleges that defendants have refused to grant him a refund.   Further, defendants

allegedly continue to deduct monthly fees from the cards in the amount of $7.99, even though

they will not allow him to access the money on the cards.   (Doc. 3 at PageID 54).   Plaintiff

contends that defendants' alleged acts were motived by discrimination based on plaintiff's

racial background and incarcerated status.   (Doc. 3 at PageID 53).

Based on the above allegations, plaintiff brings claims for violations of his rights under

the First, Fifth, Sixth, Seventh, Eighth, Thirteenth, and Fourteenth Amendments, as well as the

Commerce Clause.   Plaintiff also brings claims for (1) violations of defendants' corporate

policies, (2) discriminatory treatment, (3) breach of contract, (4) conversion, (5) fraud, (6)

breach of fiduciary duty, and (7) negligence.   (Doc. 3 at PageID 78-98).   For relief, plaintiff

seeks damages and injunctive relief.   (Doc. 3 at PageID 98-99).

## C.    Analysis

For the reasons below, plaintiff's amended complaint (Doc. 3) is subject to dismissal.

As an initial matter, the amended complaint violates Rule 8 of the Federal Rules of Civil

Procedure.   Under Rule 8, plaintiff is required to give fair notice of a claim for relief and cite the

grounds upon which it rests.   *See* Fed. R. Civ. P. 8(a)(2); *Iqbal*, 556 U.S. at 678.   Plaintiff's

vague and general allegations amount to nothing "more than an unadorned, the-defendant-

unlawfully-harmed-me accusation."   *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Plaintiff's amended complaint against the "defendants" as a group does not provide adequate

notice to any individual defendant that a claim has been asserted against them, and the amended

4

complaint should therefore be dismissed.   *See also* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.").

Moreover, the allegations in plaintiff's amended complaint are insufficient to invoke this Court's federal question or diversity jurisdiction.   "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 501 (2006).   Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under the federal laws or the Constitution." *Id.*   (citation omitted).   For a federal court to have diversity jurisdiction pursuant to § 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000.   *See Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68 (1996).

To the extent that plaintiff seeks to invoke this Court's federal jurisdiction through allegations that defendants violated his constitutional rights, his complaint fails to state a claim under 42 U.S.C. § 1983.   To state a claim under 42 U.S.C. § 1983, a plaintiff must plead that he or she suffered (1) a deprivation of rights secured by the Constitution or federal statutes that is (2) committed by a person acting under color of state law.   *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).   Accordingly, a plaintiff may not sue a purely private party under § 1983. *Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999).   Plaintiff's complaint does not allege that defendants acted under color of state law.   Because defendants are private parties, plaintiff cannot bring a § 1983 claim against them, and plaintiff's § 1983 claims are therefore

subject to dismissal. Nor has plaintiff alleged facts supporting a claim against defendants under the Commerce Clause. *See Dennis v. Higgins*, 498 U.S. 439, 447 (1991) (describing scope of Commerce Clause).

To the extent that plaintiff seeks to invoke the Court's diversity jurisdiction, plaintiff alleges actual damages in the amount of $450, well below the $75,000 jurisdictional threshold. Additionally, even assuming plaintiff could recover punitive damages in this action,[3] plaintiff would need to recover an award of $74,550 in punitive damages—or approximately 166 times the amount of plaintiff's actual damages—to meet the $75,000.00 jurisdictional minimum. Such an award would appear to be outside of the federal Constitutional limits established by the Supreme Court. *See State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 425 (2003) ("Single-digit multipliers are more likely to comport with due process, while still achieving the State's goals of deterrence and retribution . . . ."). Therefore, the Court finds that plaintiff's allegations are insufficient to invoke the Court's diversity jurisdiction.

Accordingly, in sum, the undersigned recommends that the Court **DISMISS with prejudice** plaintiff's federal claims against defendants for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). Further, having found diversity jurisdiction absent in this matter and having recommended that the Court dismiss plaintiff's federal claims, the undersigned further recommends that the Court decline to exercise supplemental jurisdiction over plaintiff's state-law claims and **DISMISS** such claims **WITHOUT PREJUDICE**. *See Harper v. AutoAlliance Int'l, Inc.,* 392 F.3d 195, 210 (6th Cir.

---

[3]*See Barnes v. Gorman*, 536 U.S. 181, 187 (2002) ("[P]unitive damages, unlike compensatory damages and injunction, are generally not available for breach of contract.").

2004) (although the exercise of supplemental jurisdiction under 28 U.S.C. § 1367 is a matter of discretion, when a court dismisses all federal claims before trial, it generally should dismiss the state law claims as well).

In light of the above recommendations, plaintiff's motion for a default judgment against defendants (Doc. 12) should be **DENIED as moot.**

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's federal claims against defendants be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

2. The Court decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over plaintiff's state-law claims and **DISMISS** such claims **WITHOUT PREJUDICE.**

3. Plaintiff's motion for a default judgment against defendants (Doc. 12) be **DENIED as moot.**

4. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007).

Date: 1/22/21

Karen L. Litkovitz
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MIKE REDFORD,                                   Case No. 1:20-cv-632
      Plaintiff,

                          Dlott, J.
      vs                                  Litkovitz, M.J.

UNIRUSH FINANCIAL
SERVICES, LLC, *et al.*,
      Defendants.


### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.   Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.   If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.   A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).